UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAYE DENNIS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-1781**<br>    **c/w 16-2542** |
| **ST. TAMMANY PARISH HOSPITAL**<br>**SERVICE DISTRICT NO. 1, ET AL.,**<br>    **Defendants** | **SECTION "E"** |

*Applies to: Both Cases*

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e).[1] On April 26, 2017, the Court issued its Order and Reasons[2] granting the Defendants' Motion for Summary Judgment.[3] The Defendants oppose the Plaintiff's motion.[4] For the following reasons, the Plaintiff's motion is **DENIED.**

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[5] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[6] "The Court is

---

[1] R. Doc. 32.
[2] R. Doc. 30.
[3] R. Doc. 20.
[4] R. Doc. 34.
[5] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[6] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

1

mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[7] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[8]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[9]

In her motion, Plaintiff argues that the Court improperly concluded she presented no summary judgment evidence to create a genuine issue of material fact as to whether she relied on St. Tammany Parish Hospital's ("STPH") misrepresentation. First, The Plaintiff argues that her statements in her sworn declaration demonstrate she relied on STPH's misrepresentation.[10] Second, the Plaintiff argues that in her statement of disputed material facts, she stated that she relied on the notice of eligibility and rights and responsibility when she consulted with her treating physician and learned that she should restrict her work activities to what she could comfortably do in the Mail Room.[11]

---

[7] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[8] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[9] *Castrillo*, 2010 WL 1424398, at *4.
[10] R. Doc. 32-1 at 2 (citing R. Doc. 24-2 at ¶¶ 18-19).
[11] *Id.* at 2-3 (citing R. Doc. 24-1 at ¶ 6).

Plaintiff does not offer any evidence demonstrating that the Court's Order granting summary judgment was the product of a mistake or any manifest error of law or fact; and she does not identify any newly discovered evidence for consideration.[12] All of the evidence cited and arguments made by the Plaintiff in her Motion for Reconsideration were considered by the Court when it granted the Defendants' motion for summary judgment.

Accordingly;

**IT IS ORDERED** that Plaintiff's motion[13] is **DENIED**.

**New Orleans, Louisiana, this 7th day of June, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).
[13] R. Doc. 32.